JOHN HRABOVSKY, BY NEXT FRIEND, ET AL., PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT.

Decided November 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *William F. Vosseller* and *Henry H. Fryling.*

*Contra, Joseph J. Weinberger.*

PER CURIAM.

The plaintiff John Hrabovsky was injured in a collision between a truck that he was driving on Main street, in the city of Passaic, and a trolley car of the defendant company. Both the truck and the trolley car were traveling south. Main street is double-tracked, and the plaintiff was driving his truck along the center of the road and occupying a portion of each track. His claim was that the trolley car was following him, and that suddenly and without warning it crashed into the rear of his truck, which was moving at the rate of twenty miles an hour. The defense was that the trolley car, instead of following, was preceding the truck; that it had stopped on the corner of Main street and Howard avenue to discharge a passenger, and that while at a standstill the truck ran into the car from the rear. The jury awarded John Hrabovsky, who was twenty-three years old at the time of the accident, $1,000, and his father, who was a co-plaintiff and sought to recover expenses incurred by him as the result of his son's injury and the loss of the services of the latter, the sum of $500.

The only witnesses called by the plaintiff who testified as to the conditions under which the accident happened were John Hrabovsky and a boy who was assisting him in the distribution to customers of bread which was being carried in the truck. On the other hand, the statement of the defendant's motorman that the plaintiff's truck ran into the rear of the car while the latter was at a standstill was supported by the testimony of the passenger who had signaled for the stopping of the car at Howard avenue and several other passengers who were riding in the car. All of these witnesses except the motorman were entirely disinterested.

The testimony so greatly preponderates in favor of the claim of the defendant corporation that the collision occurred under the conditions testified to by the motorman that, in our opinion, justice requires that the rule to show cause should be made absolute.

It will be so ordered.